1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 FRANK BRETT,                                    Case No.16-cv-04910-JSC

8              Plaintiff,

**ORDER REASSIGNING AND REPORT**
9        v.                                       **AND RECOMMENDATION TO**
**DISMISS COMPLAINT UNDER**
10 RICHARD PAN, et al.,                           **SECTION 1915**

11              Defendants.

12

13        Plaintiff Frank Brett ("Plaintiff"), proceeding pro se, brings this action against Richard

14 Pan[1], Vincent Fumo, Jenny Fumo, Robert Rockwell, and Hughes Murphy (collectively

15 "Defendants").  The Court previously granted Plaintiff's application to proceed in forma pauperis

16 and reviewed the complaint under 28 U.S.C. § 1915.  (Dkt. No. 4.)  Having previously granted

17 Plaintiff's application to proceed *in forma pauperis*, the Court now reviews the sufficiency of the

18 Complaint under 28 U.S.C. § 1915.  Because Plaintiff has neither consented nor declined the

19 jurisdiction of the undersigned magistrate judge despite be granted multiple opportunities to do

20 so (Dtk. Nos. 4 & 6), the Court ORDERS the matter REASSIGNED to a district court judge.  For

21 the reasons explained below, the Court RECOMMENDS that the district court DISMISS the

22 action.

23                              **BACKGROUND**

24        Plaintiff submitted a handwritten form Complaint which is nearly illegible making his

25 claims very difficult to discern.  (Dkt. No. 1.)   He indicates that his case raises federal question

26 jurisdiction under 42 U.S.C. Section 1983 and the 1996 Foreign Intelligence Surveillance Act

27

28 _____
[1] The Clerk shall amend the docket to reflect that the Defendant's name is Richard Pan, not Par.

United States District Court
Northern District of California

because "they tried to listen in on secrets of state and stole my briefcase which held over 2000 [illegible] sealed documents."  (Dkt. No. 1 at 2.)  Under the Statement of Facts section he indicates that "they tried to listen in on secrets of state.  I was followed into FBI Federal Courthouse by Democrat Jerry Brown to Dr. Richard Pan, Vincent Fumo Democrat Pa. Robert Brady Congressman [illegible] Mr. + Mrs. Auerbach.  The Auerbach used their cell phone inside US Federal Courthouse.  They took pictures to spy on me and so did a Black woman on Thursday 8/25/16."  (*Id*. at 4.)  The remainder is illegible.  In his demand for relief, Plaintiff states that that he needs an injunction and prays for $3 million in damages.  (*Id*. at p. 6.)  There are 44 pages of attachments to his complaint most of which are handwritten and a few of which contain photos of naked women.  (*Id*. at pp. 7-51.)

## DISCUSSION

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").  Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  This rule "require[s] that the pleading ... give[ ] the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved."  *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d

United States District Court
Northern District of California

842, 865 (9th Cir. 2002) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 (2d ed. 1990)).  "[A]lthough pro se pleadings are construed liberally, even pro se pleadings must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  *Doe v. Fed. Dist. Court*, 467 F. App'x 725, 727 (9th Cir. 2012) (internal quotation marks omitted).

The Court cannot discern any cognizable claim from Plaintiff's complaint.  To the extent that he seeks to state a claim under Section 1983 he must allege two elements: (1) violation of a right secured by the Constitution and laws of the United States, and (2) that the violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted).   Although Plaintiff identifies two of the Defendants: Richard Pan and Vincent Fumo as senators, only Dr. Pan appears to be currently serving as a state senator.[2]  There is no suggestion that the other named Defendants, Jenny Fumo, Robert Rockwell, or Hughes Murphy, are state actors.[3]  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("private parties are not generally acting under color of state law" and "conclusionary allegations, unsupported by facts" are insufficient to consider a private party a state actor for the purposes of § 1983) (internal citation and quotation marks omitted).

Nor has Plaintiff adequately alleged violation of a federally protected right.  To state a claim under Section 1983, plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.  *See Paul v. Davis*, 424 U.S. 693, 697 (1976); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) ("plaintiff [must] identify the civil right allegedly invaded").  The attachments to Plaintiff's Complaint reference his First Amendment rights, but Plaintiff has failed to satisfy the pleading standards for a Section 1983 First Amendment claim which generally requires a plaintiff to "establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory

---

[2] Vincent Fumo was a Pennsylvania state senator from 1978 to 2008.
[3] It is also unclear why venue in this district is proper as Senator Pan is a state senator representing Sacramento which is in the Eastern District of California, and the addresses for the remaining Defendants are outside California.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    actions and the adverse effect on speech." *Doe v. Cty. of San Mateo*, No. C 07-05596 SI, 2009

2    WL 735149, at *5 (N.D. Cal. Mar. 19, 2009).  To the extent that Plaintiff vaguely references a

3    violation of his "right to privacy" this claim is likewise inadequately pled as Plaintiff has failed to

4    specify his privacy interest.  *See Thorne v. City of El Segundo*, 726 F.2d 459, 468 (9th Cir. 1983).

5        Nor has Plaintiff adequately pled a claim under the Foreign Intelligence Surveillance Act

6    ("FISA").[4]  Under FISA, "[a]n aggrieved person ... who has been subjected to an electronic

7    surveillance or about whom information obtained by electronic surveillance of such person has

8    been disclosed or used in violation of section 1809 of this title shall have a cause of action against

9    any person who committed such violation." 50 U.S.C. § 1801(k).  Here, Plaintiff alleges that

10   individuals "took pictures to spy on me" (*see* Dkt. No. 1 at 4) and his handwritten attachments to

11   the complaint, although largely illegible, likewise appear to allege that various individuals took

12   photos of him and used hidden cell phones.  Because the nature of Plaintiff's allegations regarding

13   surveillance cannot be discerned, he has not sufficiently alleged a FISA claim.

14       In sum, because the filing presents "no cognizable legal theory [and] an absence of

15   sufficient facts alleged to support a cognizable legal theory," the Complaint is subject to dismissal

16   under 28 U.S.C. § 1915(e).  *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041

17   (9th Cir. 2010).

18       The Court also notes that this appears to be one of many lawsuits Plaintiff has filed across

19   the country including a lawsuit filed on September 20, 2016 in the Eastern District of California

20   containing similar allegations against many of the same defendants here as well as Governor Jerry

21   Brown.  *See Frank Brett v. Jerry Brown et al*, No.16-cv-06916-SVW-KES, (E.D. Cal.).  The court

22   dismissed that action without leave to amend and in doing so noted that "[s]ince 2006, Plaintiff

23   has filed 148 lawsuits in federal courts across the United States, including DC, Delaware, Florida,

24   Maryland, North Carolina New Jersey, New York, Pennsylvania, South Carolina and Virginia"

25   and "[n]early all of Plaintiff's suits have been dismissed, usually after having been deemed

26

27

28

---

[4] The Complaint indicates that Plaintiff is suing under the "1996 [illegible] Foreign Intelligence Surveillance Act", but the Court assumes Plaintiff is referring to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. § 1801 et seq.

incomprehensible and/or patently frivolous pursuant to 28 U.S.C. Sec. 1915(e)(2)(B)." *Id.* at Dkt. No. 6 (citing examples).  Indeed, since this action was filed Plaintiff has filed three additional actions, including the one in the Eastern District of California, alleging claims against some of the same defendants here.  *See Brett v. Laton et al.*, No. 2:16-cv-03546-DMF (D. Ariz.) (filed Oct. 14, 2016); *Brett v. Unknown Party, et al.*, No. 16-cv-03424-SPL (D. Ariz.) (filed Oct. 7, 2016); *Frank Brett v. Jerry Brown et al*, No.16-cv-06916-SVW-KES, (E.D. Cal.) (filed Sept. 20, 2016).

## CONCLUSION

For the reasons stated above, the Court RECOMMENDS that the newly-assigned district court judge DISMISS the complaint with prejudice pursuant to Section 1915(e).

Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: October 27, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge